IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD C. COLLINS,<br><br>              Plaintiff,<br><br>     vs.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>              Defendant.<br>_____/ | CASE NO. CV-F-03-6915 LJO<br><br>**ORDER TO GRANT PETITION FOR ATTORNEY FEES**<br>(Doc. 27) |

## INTRODUCTION

In this action reviewing administrative denial of Social Security benefits to plaintiff Richard C. Collins ("plaintiff"), plaintiff's attorney seeks an award under 42 U.S.C. § 406(b) ("section 406(b)"), of $14,601.00 for attorneys fees, plus litigation costs of $1,057.14 less a credit of $6,000.00 for work before this Court to obtain plaintiff's past-due benefits. On May 25, 2006, plaintiff's attorney filed her petition for attorney fees. On June 12, 2006, defendant Jo Anne B. Barnhart, Commissioner of Social Security ("Commissioner"), filed her response and noted several procedural deficiencies in the moving papers. On June 28, 2006, plaintiff filed a reply and addressed the procedural deficiencies so noted. On July 10, 2006, the Commissioner filed a response to plaintiff's reply.

/////

/////

# BACKGROUND

Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. Plaintiff retained counsel with the Weltin Law Office and sought judicial review. Plaintiff entered into a January 16, 2003 fee agreement, signed by attorney Ana Molleda, to pay his attorney 25 percent of past-due benefits if plaintiff obtained a favorable court judgment or favorable Social Security Administration ("SSA") decision after court remand. (Doc. 27, Exh. A.) On October 15, 2004, this Court entered judgment and remanded the case to the Commissioner of Social Security for payment of benefits pursuant to sentence four of 42 USC 405(g). After this Court's remand, SSA's Appeal Council issued its decision finding plaintiff eligible for benefits. (Doc. 32, Exh. D.) SSA, pursuant to a November 21, 2005 Notice, withheld $14,601.00 (25 percent of plaintiff's past-due benefits) to pay potential attorney fees. From such amount, plaintiff's attorney seeks $14,601.00 for her work before this Court subject to a $6,000.00 offset for fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412[1] and costs of $1,057.14.

# DISCUSSION

**A.   Request for Attorneys' fees**

Section 406(b)(1)(A) addresses attorney fees in Social Security cases and provides in pertinent part:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

Section 406(b)(1)(A) calls for court review of contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 152 L.Ed.2d 996, 1011 (2002). The Supreme Court recognized the primacy of lawful attorney-client fee agreements and ruled against a lodestar approach to determining reasonable attorney fees in

---

[1] The Equal Access to Justice Act 28 USC § 2412(d) ("EAJA") is a fee shifting statute whose purpose is to ensure that aggrieved individuals will not be prevented from seeking redress from erroneous governmental action by defraying the cost of attorney fees and other legal expenses in civil actions under specified circumstances. 5 U.S.C.A. § 504; 28 U.S.C.A. § 2412. The award under Section 406(b)(1)(A) "merely allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits, while the EAJA award is paid by the government to the claimant to defray the cost of legal services."

social security cases where claimants prevail in federal court.[2] *Gisbrecht v. Barnhart,* 535 U.S. 789, 793, 122 S.Ct. 1817, 1820. The Court concluded that the statutory provision limiting attorney fees to 25 percent of past-due benefits was designed to control, and not to displace, contingent-fee agreements that are within the statutory ceiling. The Supreme Court further observed:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services provided.
>
> . . . .
>
> If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1011-1012.

Section 406(b) "instructs courts to review for reasonableness" fees yielded under contingent fee agreements. *Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1012. Lastly, an EAJA award offsets an award under section 406(b) so that the amount of total past-due benefits the claimant receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits. *See Gisbrecht*, 535 U.S. 789, 152 L.Ed.2d at 1004.

In this case, plaintiff's attorney successfully sought remand to SSA's Appeals Council which awarded plaintiff past-due benefits. Pursuant to the holding of *Gisbrecht*, the Court is to conduct an independent check to assure the reasonableness of the fee request in light of the particular circumstances of this case. 122 S.Ct. at 1828.

The Commissioner filed a response to the petition expressing concern about the "reasonableness" of the amount of fees requested and the "windfall" befalling plaintiff's counsel. The Commissioner argues that Plaintiff's counsel is requesting reimbursement for 6.6 hours of work that was performed

---

[2] A "lodestar" amount is based upon reasonable hours expended multiplied by a reasonable hourly rate. *Accord Allen v. Shalala*, 48 F.3d 456 (9th Cir. 1995). The fee may then be adjusted by considering the twelve factors identified in *Kerr v. Screen Actors Guilt, Inc.*, 526 F.2d 67 (9th Cir. 1975), *cert. denied*, 425 U.S. 951, 96 S.Ct. 1762 (1976), to wit:
(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

after this case was remanded by the Court on October 14, 2004. The Commissioner notes the Court may only set fees under 42 U.S.C. § 406(b) for work that is done before the Court. *See Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261, 262 (6th Cir. 1994).

Indeed, Section 406(b) applies only to fees for legal services rendered before the Court and not for services before the administrative tribunals. *Stenswick v. Bowen*, 815 F.2d 519, 521 (9th Cir. 1987).

Plaintiff's counsel submits a copy of the billing statement which shows the number of hours worked on the appeal – 55 hours – and the tasks performed. Plaintiff submits evidence that he had a contractual agreement with his attorney for 25% contingency fee. In the Commissioner's supplemental response (Doc. 35), the Commissioner does not challenge the number of hours worked and activities performed by plaintiff's attorney in obtaining the award of benefits, other than the 6 hours post-remand. The Commissioner does not dispute that the *de facto* hourly rate of $265.47 requested by Plaintiff's counsel is reasonable (calculated at the amount of fees sought ($14,601) divided by number of hours worked (55)). Plaintiff includes in the 55 hours of time, approximately 6 hours of attorney devoted to the resolution of the remand at the administrative level.

While the Commissioner's argument is correct, the Court is mindful that its role under Section 406(b) is not to determine payment of attorneys' fees, on an hour-by-hour basis. Rather, the Court's role, as described above, is to determine the reasonableness of the fee request in light of the work performed. Thus, the issue is whether the hourly rate is reasonable so as to avoid a windfall to plaintiff's counsel from the 25% contingency fee agreement.

If, for argument sake, the 6 hours were deleted from the 55 hour fee request, the hourly rate is $297.98 ($14,601 (amount of fees sought) divided by 49 hours), rather than the $265.47 per hour unchallenged by the Commissioner. The Commissioner does not argue that this $297.98 rate yields a windfall to plaintiff's counsel.

As noted by *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1036 (N.D.Cal.2003), "district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements" (citations omitted.) In *Hearn*, the court acknowledged that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable

4

contingency contract for which there runs a substantial risk of loss."

To guard against windfalls, some courts consider additional factors not explicitly proffered in *Gisbrecht*. These include risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee. *See, e.g., Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1036-38 (N.D.Cal.2003) (considering risk of loss, experience of counsel, percentage of funds the fee consumes, value of the case to the plaintiff, and client's consent to fee requested in approving a defacto hourly rate of $450).

Here, certain social security cases involve a substantial risk of loss for counsel. These cases, in which the plaintiff has lost at the administrative level, already constitute substantial risk of loss.[3] In addition, without possible maximum fee recovery as incentive, plaintiffs such as the one in this case, may go unrepresented or may be forced to abandon their claim.

The requested fees are within the 25 percent limit in the contingency agreement. Plaintiff agrees to the award of the amount of fees requested by his counsel. (Doc. 33, Declaration of Richard Collins.) Plaintiff has submitted a declaration wherein he states that he has been informed of the amount of attorneys' fees requested by his counsel and is in agreement with an award in that amount. *Coppett v. Barnhart*, 242 F. Supp. 2d 1380 (S.D. Ga. 2002) (best indicator of the reasonableness of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations).

Thus, in light of the circumstances of this case, the Court finds that the hourly rate and fees are reasonable. The Court does not find plaintiff's counsel will receive a windfall.

**B.     Request for Costs**

Plaintiff asks for reimbursement of costs in the amount of $1,057.14. The Commissioner, however, notes that plaintiff's counsel agreed that its EAJA award included costs. (Doc 26, Stipulation and Order Awarding EAJA Attorney Fees). Therefore, the Commissioner argues, plaintiff's counsel has

---

[3] Upon judicial review, a court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). Substantial evidence is "more than a mere scintilla" (*Richardson v. Perales*, 402 U.S. 389, 402 (1971)), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975).

1  already been paid for costs.

2  The Parties' stipulation and order, filed February 25, 2006 states in pertinent part:

> "IT IS HEREBY STIPULATED by the parties, through their undersigned counsel, subject to the approval of the Court, that counsel for plaintiff be awarded attorney fees under the Equal Access to Justice Act in the amount of SIX THOUSAND DOLLARS AND NO CENTS ($6,000.00) **which includes costs**." (Doc. 26 (emphasis added.))

The Stipulation was entered after this Court's remand and judgment and after the judgment at the administrative level awarding past-due benefits to plaintiff. There is no other way to read the plain language of the stipulation. Plaintiff has already been awarded costs.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court GRANTS the petition of plaintiff's attorney for a $14,601.00 for attorneys fees, less a credit of $6,000.00 for the prior EAJA award. The Court DENIES the petition for award of litigation costs of $1,057.14.

IT IS SO ORDERED.

**Dated:   July 13, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                          UNITED STATES MAGISTRATE JUDGE